## Lee, Holland & Co., Appellants, *v.* Taylor et al.

*Sale—Affidavit of defence—Partnership—Parol evidence to vary written agreement.*

In an action for goods sold and delivered, an affidavit of defence is sufficient which avers that the goods were furnished defendant not as purchasers, but as managers of a business entered upon for the benefit of both parties, and as the contribution to the stock of that business which plaintiff had undertaken to make, and that this stipulation had been omitted by mistake from the written agreement between the parties.

Argued March 22, 1893.    Appeal, No. 206, Jan. T., 1893, by plaintiffs, Lee, Holland & Co., from order of C. P. No. 3, June T., 1892, No. 684, discharging rule for judgment for want of a sufficient affidavit of ˚defence by defendants, B. F. Taylor & Co.    Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for goods sold and delivered.    Rule for judgment for want of sufficient affidavit of defence.

The statement of claim averred that the goods were sold under a written agreement, exhibit B, the material portions of which were as follows:

" Whereas, said Lee, Holland & Co. are manufacturers, at Buffalo, N. Y., of doors, sash, blinds, etc., and B. F. Taylor & Co. are dealers in lumber at Philadelphia, Pa. and

" Whereas, said B. F. Taylor & Co. are desirous of adding to their business in Philadelphia a department for furnishing doors, sash, blinds and other articles of manufactured house-furnishings, and Lee, Holland & Co. are desirous of supplying said B. F. Taylor & Co. with manufactured goods and articles required in such new department,

" Now, therefore, said parties do hereby promise and agree as follows:

" Lee, Holland & Co. shall furnish to B. F. Taylor & Co., free on board cars in Philadelphia, such manufactured articles of house-furnishing usually supplied by planing mills, and which their facilities and business engagements will permit them to supply, as said B. F. Taylor & Co. may order for one year from date, at following prices in the first instance [quoting prices].

" All freights to be paid by B. F. Taylor & Co. and applied
on purchase price of goods; B. F. Taylor & Co. will place or-
ders with Lee, Holland & Co. for all goods needed by them in
such new department, except for such items as Lee, Holland &
Co. may reject, and make settlement monthly for all goods sold;
all bills to be subject to interest after ninety days, if unpaid.
No interest to be allowed on amounts paid for freights.

" B. F. Taylor & Co. are to furnish yard room, storage, etc.,
for the transaction of such business, and are to charge, as a part
of the expenses of such new business the sum of $333.33 per
annum, therefor, and are to furnish all clerical and yard help
necessary for the transaction of said business, and are to charge
up an account thereof, as an expense of said business, the sum
of one thousand dollars per year, as also all cartages and labor
outside of yard and clerical help, connected with said new
business.

" At the end of each year said B. F. Taylor & Co. shall fur-
nish to Lee, Holland & Co. a full and detailed statement of
the business of such new department, showing all purchases
and sales, receipts and disbursements, gains and losses, and all
matters whatsoever requisite to determine the exact state of
said business and the profits made therein, whether on goods
bought from Lee, Holland & Co., or from other parties, and
shall thereupon pay to said Lee, Holland & Co. in addition to
the prices charged, or sums paid in the first instance, as above
specified, a sum equal to one half of the profits made in said new
department of their said business.

" And to the end that such profits may be accurately ascer-
tained, true and complete books of account and records of said
new business shall be kept and made, and which shall be sub-
ject to the inspection of Lee, Holland & Co., in person or by
agent.

" All losses sustained in said new business by reason of bad
debts or otherwise, shall be charged up and taken into account
in determining the net profits of said business. And in case
B. F. Taylor & Co. shall in any instance furnish to any party
other goods or merchandise, such as lumber, etc., not included
in the terms of this agreement, and shall also furnish to the
same party manufactured goods, included in the terms of this
agreement, then and in such case all payments made to B. F,

Taylor & Co. on account of merchandise so furnished by them shall be applied pro rata upon the merchandise included in the terms of this agreement, and upon that not included, for the purpose of determining what losses have been sustained or profits made in said new department of said new business.

"It is not intended to form a copartnership between said parties, and nothing herein contained shall be taken or construed as giving to either party any authority to contract for or bind the other in any way.

"In case of the destruction of the planing mills of said Lee, Holland & Co. by fire or of damage to the same to such extent as to interfere materially with the prosecution of their business, or if they are obliged to suspend business on account of strikes, then and in either such case said Lee, Holland & Co. may and shall be relieved from their engagement to furnish goods and manufactured articles as above specified."

The affidavit of defence averred that " the statement, as filed, in no way shows that any purchase (agreement shows purchase and prices) of the amount of the materials claimed by plaintiffs was made by defendant or defendant's firm. That, upon the contrary, the agreement shows that the plaintiffs agreed to establish a millwork department, to be operated upon joint account between plaintiff and defendant ; that at the time of the making of the agreement attached to plaintiff's statement marked ' exhibit B ' it was expressly stipulated and agreed that the plaintiff should contribute twenty thousand dollars towards the establishment of the millwork department of the business mentioned in said agreement.

"That instead of contributing said sum in cash it was to be contributed in stock as mentioned in ' exhibit B ' at the prices mentioned in said ' exhibit B,' that through accident or mistake the said amount was omitted from the agreement and defendant was not aware of its omission until within a short time before suit was brought, when defendant's attention was called to it.

"That said amount had been recognized and treated by plaintiff as capital to be operated upon joint account, and at the end of each year defendants rendered statements and paid plaintiffs their share of profits of said business ; that accordingly defendants are advised, informed and believe that the

said agreement constitutes a partnership in law and in fact, and is therefore not the subject for which an action in law can be maintained in the present action.    That defendant has been winding up said millwork business and cannot tell at this time whether anything or how much will be due to plaintiffs. That the matters alleged in plaintiff's statement and included in the invoices attached thereto were the very materials furnished for said business so operated upon joint account, and the excess of amount over twenty thousand dollars were purchases made by defendants, and for which settlements had been made by defendants to plaintiffs, and that said amount has remained and was operated upon the joint account of plaintiffs and defendants until the death of Mr. Benjamin F. Taylor, and owing to the condition of his individual estate and the settlement of the outstanding accounts, defendant is and has been unable to tell how said joint account stands."

The court discharged a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was discharge of above rule.

*Ezekiel Hunn, Jr., Richard B. Bayly* with him, for appellants.—Where there is no ambiguity in an agreement, parol evidence of the intention of the parties is inadmissible : Druckenmiller v. Young, 27 Pa. 97 ; Com. v. Deck, 28 Pa. 497 ; Albert v. Ziegler, 29 Pa. 50 ; Fisher v. Deibert, 54 Pa. 460 ; Kirk v. Hartman, 63 Pa. 97 ; Whitman v. Lippincott, 3 W. N. 94.    Parol evidence is not admissible to reform a written contract unless fraud be set up as ground therefor : Lyon v. Miller, 24 Pa. 392 ; Hawk v. Greensweig, 2 Pa. 295 ; Hunt v. Morris, 1 W. N. 95 ; Cooper v. Whitmer, 18 W. N. 376.    In averring that an important stipulation was omitted by mistake, plaintiffs should state facts and circumstances with precision : McCracken v. Church, 111 Pa. 106 ; Sylvius v. Kosek, 20 W N. 154 ; Murray v. R. R., 103 Pa. 37 ; Consumers' Gas Co. v. Am. Elec. Cons. Co., 30 W. N. 222.

The parties expressly agree that there is not a partnership, and this is conclusive as between the parties, and there is no partnership as to creditors, because creditors do not intervene : Hart v. Kelley, 83 Pa. 286.

*Joseph J. Broadhurst,* for appellee, not heard, cited : Knerr v. Bradley, 105 Pa. 190; Church v. Jones, 132 Pa. 465; Chalfant v. Williams, 35 Pa. 212 ; Kostenbader v. Peters, 80 Pa. 438 ; Manhattan Ins. Co. v. Webster, 59 Pa. 227 ; Ferguson v. Rafferty, 128 Pa. 337; Hyndman v. Hogsett, 111 Pa. 643; Moore v. Davis, L. R. 11 Ch. Div. 261; Pooley v. Driver, L. R. 5 Ch. Div. 460; Leidy v. Messinger, 71 Pa. 177 ; Knerr v. Hoffman, 65 Pa. 126 ; Finley v. Stewart, 56 Pa. 183 ; Ryder v. Wilcox, 103 Mass. 24; Wall v. Dovey, 60 Pa. 212; Fritz v. Hathaway, 135 Pa. 274.

OPINION BY MR. JUSTICE WILLIAMS, April 3, 1893.

The decision of this case rests on the sufficiency of the affidavit of defence. The plaintiff claimed some twenty thousand dollars for goods sold and delivered to the defendants. The affidavit of defence admitted the receipt of the goods and alleged that they were furnished to the defendants, not as purchasers, but as managers of a business entered upon for the benefit of both parties, and as the contribution to the stock of that business which the plaintiffs had undertaken to make. It further alleged that this stipulation had been omitted from the written contract, entered into by the parties, by mistake. If these allegations are sustained upon the trial by the sort of evidence necessary to reform a written contract they will make a complete answer to the action. The learned judge of the court below was therefore clearly right in refusing to enter judgment in this case for want of a sufficient affidavit of defence, and the judgment is accordingly affirmed.